JERRY CHOE
Attorney at Law
5 E 22nd St
New York, NY 10010
Jerrychoeesq@gmail.com
917-880-5888

February 28, 2023

Via ECF
Hon. Pamela Chen
United States District Court Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Xene Corp. v. Nouryon BV, et al., 22-cv-02850 (PKC) (MMH)

Dear Judge Chen:

The parties agreed that some defendant(s) could be dismissed voluntarily after understanding more about the parties. But then they didn't respond to my second email on December 22, 2022 which had only one question:

"What entity is the new microsphere manufacturing plant in Wisconsin going to be and who is to own or control it?"

Plaintiff has seen reports stating that the entity Nouryon BV is the owner and holding company for Nouryon's operations including its new factory in Wisconsin. For that reason, Plaintiff believes that Nouryon BV is a proper defendant.  Plaintiff wishes to dismiss some defendant(s) after receiving further information that plaintiff had hoped to receive from defendants in amicable discussions that provide assurances that the entities do not the own or control the Wisconsin factory or any other entity which is in the business of products containing microspheres, since Nouryon is a private company and does not release public information regarding the roles of its numerous wholly owned affiliates.

From the little information received thus far, it seems that at least Nouryon Salt LLC New Jersey may fall into that category.

The plaintiff also agrees to a conference for purposes of the motion to dismiss but, in addition, would like to request a broader settlement conference or mediation if that is possible through the court.

I would note that in its pre-motion letter, Nouryon suggests that the complaint only alleges infringement based on "Expancel" marked microspheres.[1] The Complaint refers to

---

[1] " Plaintiff asserts that "one or more" of the Nouryon Defendants (or Akzo Nobel Inc.) induce infringement of the Asserted Patents in violation of 35 U.S.C. § 271(g) by selling Expancel

"microspheres" (generic) 65 times, and "Masterbatch" (a microsphere tradename) 28 times and "Expancel" (tradename) only 8 times. I have pointed out to counsel that there are other Nouryon and Akzo Nobel products containing microspheres that are not sold under the "Expancel" mark. In fact, most products in the stream of commerce are not marked at all. For example, a majority of the parts of aircrafts landing in and flying over this District at John F Kennedy International Airport use microspheres even though none have the microspheres' trade name or mark.

That being said, jurisdiction and venue is proper for the other defendants including Nouryon BV and the non-Pulp and Performance Chemicals domestic parent companies because they own and control the Pulp and Performance Chemicals which has regular business in New York and the Nouryon Chemicals LLC residing in New York state.  Moreover, they operate this District through agents and residents as Akzo Nobel Inc and Akzo Nobel Coatings Inc.. The coating company has an active business in Deer Park New York (1014 Grand Park)  in the Eastern District of New York selling core coatings products containing microspheres, but not under the brand name of Expancel. Exhibit A.

As with Akzo Nobel Inc., Akzo Nobel Coatings Inc.'s website points directly to the headquarters of Akzo Nobel in the Netherlands,  at www.Akzonobel.com, which Nouryon BV was formerly known as.

Again, the paints and coatings distributed by Akzo Nobel Coatings Inc and Akzo Nobel Inc. contain microspheres, but are not marked as Expancel, and this is a core product of the Nouryon and Akzo Nobel companies which are owned and controlled by Nouryon BV and the Nouryon domestic parent companies.

The other agent locations are in 120 White Plains Rd, Tarrytown, NY 10591, 2153 Lockport Olcott Rd, Burt New York , 281 Fields Ln, Brewster, NY 10509.

Through at least 4 locations in New York state and at least one location in this Eastern District, and through minimum contacts, regular and systematic contacts and business in New York state, and they have purposefully availed themselves of the privilege of doing **microsphere** related business in New York.

Venue is proper because the defendants, including Nouryon BV, through agents or otherwise have committed acts of infringement and have a regular and established place of business in this district.

Respectfully,

/s/Jerry Choe

_____

Jerry Choe

---

microsphere products to third parties who use them to make tennis rackets and other products according to a patented process." ECF Letter of Kyle Mooney February 13, 2023.  The letter refers to "microspheres" just once and the "Expancel" mark for the remainder of the letter.

Cc: Kyle Mooney, kmooney@mofo.com

Aaron Fountain, afountain@mofo.com

Kyle Friedman, kfriedland@mofo.com