UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Xene Corporation,<br><br>      Plaintiff,<br><br> -against-<br><br>Nouryon B.V.(f/k/a Akzo Nobel), NOURYON USA, LLC, Akzo Nobel Inc., Akzo Nobel Chemicals Inc., Nouryon Pulp and Performance Chemicals AB, Nouryon Salt LLC New Jersey, Nouryon US Holding 1 Inc., Nouryon US Holding 2 Inc., Nouryon US Holding 4 Inc., Wilmington, Nouryon USA LLC U.S.A., Nouryon Pulp and Performance Chemicals LLC, Diadem Sports, Lantor Composites AB, and JOHN DOES #1 to #1003 the name of the persons or entities being unknown but the persons or entities being those persons or entities who have purchased microspheres from defendants for composites.<br><br>      Defendants. | Case No.: 1:22-cv-2850-PKC-MMH |

**NOURYON DEFENDANTS' SUR-REPLY MEMORANDUM OF LAW
IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION TO
<u>RECONSIDER THE COURT'S ORDER DATED SEPTEMBER 12, 2024</u>**

Nouryon files this sur-reply solely to respond to Plaintiff's counsel's accusation that Nouryon and its counsel violated New York Rule of Professional Conduct 3.3(a)(2) by not citing *Kannuu Party, Ltd. v. Samsung Electronics, Co.*, 15 F.4th 1101 (Fed. Cir. 2021) ("*Kannuu*") and *Radio Systems Corp. v. Accession, Inc.*, 638 F.3d 785 (Fed. Cir. 2011) ("*Radio Systems*") in Nouryon's motion to dismiss Plaintiff's claims. Nouryon and its counsel did not violate Rule 3.3(a)(2). Plaintiff's frivolous allegation is merely another example of the vexatious tactics that Plaintiff has employed throughout this litigation and that will support Nouryon's forthcoming request for attorneys' fees. *See* 35 U.S.C. § 285.

*Kannuu* and *Radio Systems* are not "legal authority in the controlling jurisdiction" because, *inter alia,* Federal Circuit law does not control the interpretation of forum selection clauses in private confidentiality agreements.  (Dkt. No. 41 at 4.)  In fact, the Federal Circuit reiterated in *Kannuu* that forum selection clauses in confidentiality agreements are governed by the applicable *state law*.  *Kannuu*, 15 F.4th at 1106 ("[w]e interpret the NDA according to New York law because 'the interpretation of private contracts is ordinarily a question of state law.'").

*Kannuu* and *Radio Systems* are also not "directly adverse to the position of [Nouryon]" in this case.  Neither *Kannuu* nor *Radio Systems* hold that a forum selection clause in a confidentiality agreement cannot encompass a patent dispute.  (Dkt. No. 41 at 4-6.)  Both cases are also easily distinguishable on their facts.  (*Id.*)  In fact, the Federal Circuit has confirmed that *Kannuu* "was based on the specific language in the forum selection clause in that case."  *Nippon Shinyahku Co., Ltd. v. Sarepta Therapeutics, Inc.*, 25 F.4th 998, 1007 (Fed. Cir. 2022).

Finally, Plaintiff's accusation that Nouryon's outside counsel was "confronted with [*Kannuu*] in another case months before they filed their motion against Xene" is false.  (Dkt. No. 43 at 1.)  In *Nike, Inc. v. lululemon USA Inc.*, Judge Abrams *sua sponte* relied on a *district court* decision in *Kannuu* (not the Federal Circuit decision) in an opinion granting a stay pending the PTAB's *inter partes* review of patents.  No. 22-cv-00082 (RA), 2023 WL 2214884, at *2 (S.D.N.Y. Feb. 24, 2023).  Judge Abrams relied solely on the portions of that district court decision addressing the stay.  *Id.*  Judge Abrams did not cite the Federal Circuits' decision on appeal or any aspects of the district court case concerning a forum selection clause.

Dated: New York, New York
November 7, 2024

MORRISON & FOERSTER LLP

By: */s/ Kyle Mooney*
Kyle Mooney
Kyle D. Friedland
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email: KMooney@mofo.com
KFriedland@mofo.com

*Attorneys for Defendants Nouryon BV; Nouryon Pulp and Performance Chemicals AB; Nouryon Chemicals LLC (f/k/a Akzo Nobel Chemicals Inc.); Nouryon USA LLC; Nouryon Salt LLC; Nouryon US Holding 1 Inc.; Nouryon US Holding 2 Inc.; Nouryon US Holding 4 Inc.; and Nouryon Pulp and Performance Chemicals LLC*